OPINION OF THE COURT — BY THE
HON. JOHN TAYLOR.
This is an action, brought in the Superior Court of Wilkinson County, for trespass, m breaking and entering the plaintiff’s close, treading down the grass &c.to which the defendant has plead not guilty, and justification as overseer of the road, under the judgment and order of the county court of said county.
On the trial of the. cause, the defendant, under his plea of justification, offered in evidence a record of the county court of Wilkinson county, establishing, as he alleged, a public road, over the land upon which the said trespass is supposed to have been committed. This record states, that a petition of sundry persons was presented to the court, praying for a road, leading from Woodville, the nearest and best way to the line of demarcation, at or near Robert Davis’ plantation, that the said petition was allowed, and a jury appointed to mark and lay out the road, and report to the next court. The order issued by the clerk, directs the jury, to view mark, and lay out a road, from Woodville, passing near the plantation of Moses Hadley, John Audebert, Moses Liddle, and Jeremiah Nolan, to intersect the line of demarcation, at or near Col. Stockett’s plantation. The jury made the following report, “■ We the jury, appointed to view a road leading from Woodville to St. Erancisville, near the line of demarcation, at or near Col. Stocketl’s plantation, report that the road can be a good one,” upon which, the court made the following order. “The court grant the above road, on condition, that it is not to deviate more than from the sectional line.”
On the trial, the plaintiff’s counsel objected to this record going to the jury. The court admitted the evidence, reserving thepointfor the further consideration of the court, upon’ which, the plaintiff suffered a non suit, subject to the determination of the court, on the point reserved. The cause was afterwards transferred to this court, for argument and decision.
The act of assembly, authorising the laying out of roads, empowers the county court, to order the laying out of public roads when necessary, and directs,that afl roads thereafter to be laid out,sha.HMje laid out by ajury *78 of freeholders, to be appointed by the court, to consist of seven persons, to the greatest advantage of the inhabitants, and as little 'as may be to the prejudice of enclosures, which laying out and such damages as private persons may sustain, shall be done and ascertained by the same jury on oath. Dig. 222.
Here is a special delegation of power. First, the court are to judge of the necessity of the road prayed for, and if they find it necessary, they are to appoint a jury, whose peculiar province it is to lay out the road, to the greatest advantage of the inhabitants, and the least ¿prejudice to inclosures. Neither the court, nor the jury, can assume to themselves, the power delegated to the other, nor can a road be legally established, until the court order it, and the jury lay it out. Could it be contended, that the county court could establish a road from one point to another, without the intervention of a jury? If they could, they would have it in their power to dispense with a very important provision of the statute, requiring persons to go upon the ground, and to lay out the road, to the best advantage, and at the same time, in such a manner, as to do the least injury to individuals, and to say, what compensation the owners of the land shall receive for such part of it as shall be applied to public use.
If a jury is necessary for these purposes, before a road can be lawfully established, what has the jury appointed in this case done? Have they laid out the road, and have they said what damages, if any, private persons would sustain in consequence thereof? No, they have done neither. They have said “the road can be a good one.” They therefore have omitted to do every thing they were authorized and directed to do, and have reported a fact they were not directed to enquire into. The case therefore stands as if no jury had been appointed.
But it is contended on behalf of the defendant, that although this may be an irregularity in the proceedings of the county court, it cannot be taken advantage of in an action of trespass, and ought to have been arrested by a superior tribunal, on appeal, or writ of certiorari.
The law seems to be established, that where the court have no jurisdiction over the subject matter, also where an inferior court has jurisdiction over the subject matter, but is bound to adopt certain forms in its proceed- *79 mgs, from which it deviates, the proceedings, in either case, are coram non judice, and the persons affected thereby, may take advantage thereof, in an action of trespass. 1 Chilty 183, 184.
In the present case, the county court, which is an inferior tribunal, has jurisdiction for the ordering the laying out of roads, but have no power to lay them out themselves. They are to appoint the jury who are to perform that duty. If the court.undertake to do, what they are only authorized to direct others to do, or if they direct a road to be opened which never has been laid out, is it not stepping beyond the limits of their power and jurisdiction? It certainly is; it is such an excess of jurisdiction as renders their proceedings not voidable only, by an appeal to a superior tribunal, but absolutely void in themselves, and this nullity can be insisted on in any shape in which they are presented. The case of Da-vison & others vs. Gill in the’lst East. 64, was a much stronger case in favor of the person interested in the establishment of the road than the present. That was also an action of trespass for entering the plaintiff’s close, &c. It was admitted, that the place where the supposed trespass was committed, had formerly been a public footway, but the plaintiff contended, that it had been discontinued, and a new one established in lieu thereof, in pursuance of the statute of 23d George the 3d. That statute authorizes the justices, at a special session to divert a public footway, and establish a new one in its place. It also declares, that the justices should state the length and breadth of the new road, by them so established. In this case, on behalf of the defendant it was contended, that although the new road.hadbeen laid out by the justices,.but in as much as they had not said what its length and breadth should be, it could not be considered as lawfully established as a public footpath, consequently, the old one was not vacated; and of this opinion was the court. Here, although the court had pursued the statute as far as the court had laid out the road, describing where it. should run, yet as they had not performed all' the duties the statute required, that is, not establishing the length and breadth of the road, it was considered and adjudged no road.
But is there any thing appearing in this record showing that there is a road, either regularly, or irregularly established, on the land where the *80 trespass is said to have been committed? There certainly is not. 'filé ■Jury say, there may he a good road between two given points: the court say, they allow such a road, but it docs not appear, that either the court, or the jury, had pointed out over whose land it should run, or if over the plaintiff’s, whether or not it was over that part on which the alleged trespass took place. But it is said, that upon the record going to the jury, the defendant would have supplied its defects by parol testimony. This cert ainly could not have been done, as the laying out of the road, ought to appear of record, and by the record only can it be proved. In the case of the Commonwealth vs. Merrick, 2 Mass. Rep. 529, which was an indictment for a nuisance, in a supposed public road, hut in as much as the select men of the town, who had the power, and were authorized to lay out the road, had not caused their proceedings to be recorded, it was adjudged iiot a public road, and consequently the defendant was acquitted.
Lot the non pros be set aside,
all the judges concurring.